UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 22, 2025

MEMORANDUM TO PARTIES RE:   Aleman v. Marroquin et al.
                            Civil Action No. GLR-23-2475

Dear Parties:

Pending before the Court is Plaintiff Osmin Enamorado Aleman's Motion for Default Judgment. (ECF No. 26). Because Defendant Amado V. Marroquin has failed to answer, Aleman seeks an entry for default judgment against Marroquin under Rule 55 of the Federal Rules of Civil Procedure. The Court may rule on the Motion, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Motion.

**Background**[1]

Defendant Amado V. Marroquin operates a business known as "Marroquin Welders," which provides, among other things, structural welding services. (Compl. ¶ 3, ECF No. 1). Marroquin Welders is not a stand-alone corporate entity, but a business name used by Marroquin. (Id. ¶ 3). Plaintiff Osmin Enamorado Aleman was employed by Marroquin from June 2022 to May 2023. (Id. ¶ 2). At Marroquin, Aleman worked as a Welder. (Id.).

Marroquin paid Aleman once per week, partly in cash and partly by check. (Id. ¶ 11). Marroquin treated Aleman as an independent contractor and did not deduct any withholdings from his pay nor did he provide him with any paystubs. (Id.). While employed by Marroquin, Aleman's typical work schedule was Monday through Friday from 7:00 a.m. to 3:00 p.m. with a 30-minute lunch break. (Id. at 12).[2] During many weeks, however, Aleman also worked on Saturdays and thus more than 40 hours per week. (Id.). Aleman estimates that during the weeks that he worked on Saturdays, he worked an average of 45 hours per week. (Id.). Aleman estimates that during his employment with Marroquin, he worked on Saturdays approximately 25% to 30% of the time. (Id.).

Aleman alleges that Marroquin did not pay him for his overtime hours and failed to pay him the prevailing wage on various other projects that Aleman worked on, in violation of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), the Maryland Wage

---

[1] In considering a motion for default judgment, this Court accepts as true the well-pleaded factual allegations in the complaint as to liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780–81 (4th Cir. 2001).

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

Payment and Collection Law ("MWPCL"), and the Maryland Prevailing Wage Statute ("MPWS"). (Id. ¶¶ 12–15).

Aleman filed his Complaint on September 12, 2023. (ECF No. 1). The four-count Complaint alleges violations of the FLSA, as amended, 29 U.S.C. § 201 et seq. (Count I); violations of the MWHL, Md. Code Ann., Lab. & Empl. § 3–401 et seq. (Count II); violations of the MWPCL, Md. Code Ann., Lab. & Empl. § 3–401 et seq. (Count III); and violations of the MPWS, Md. Code State Fin. & Proc. § 17-219, et seq (Count IV). (Compl. ¶¶ 17–50, ECF No. 1). Aleman filed a Motion for Clerk's Entry of Default (ECF No. 12), which the Clerk of Court entered on January 24, 2024 (ECF Nos. 13, 14). Aleman filed the instant Motion for Default Judgment on January 17, 2025 (ECF No. 26). To date, Marroquin has not filed a response.

### Standard of Review

Entries of default and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." If, after entry of default, the Plaintiff's complaint does not specify a "sum certain" amount of damages, the court may enter a default judgment against the defendant pursuant to Rule 55(b)(2). In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780–81 (4th Cir. 2001). But "liability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998); see also Ryan, 253 F.3d at 780–81.

If the court finds that liability is established, it must then turn to the determination of damages. See Ryan, 253 F.3d at 780–81. The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. See Int'l Painters and Allied Trades Indus. Pension Fund v. Capital Restoration, 919 F.Supp.2d 680, 688 (D.Md. Jan. 24, 2013). Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered because of a party's default. Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." Adkins v. Teseo, 180 F.Supp.2d 15, 17 (D.D.C. July 17, 2001). In doing so, "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the Plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944).

### Analysis

For the reasons stated below, Aleman is entitled to default judgment. The Court first reviews the allegations supporting the merits of Aleman's claims and then determines the appropriate damages. In determining damages, this Court finds that no evidentiary hearing is necessary and instead relies on the affidavits and other evidence in the record to determine the appropriate sum. See e.g., Monge v. Portofino Ristorante, 751 F.Supp.2d 789, 795 (D.Md. 2010).

1. **Liability**[3]

Aleman alleges that Marroquin is liable for violations of the FLSA, MWHL, MWPCL, and the MPWS for failing to pay him overtime wages and, in some instances, failing to pay him at all for his labor. (Pl.'s Mem. L. Supp. Mot. Default J. ["Mot."] at 1, ECF No. 26). For the reasons stated below, the Court agrees that Marroquin is liable for these violations.

The FLSA provides that, for any hours worked more than forty hours per week, an employee shall "receive[ ] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. Similarly, the MWHL requires employers to pay their employees an overtime wage of at least one-and-half times their usual hourly wage for work they perform more than forty hours per week. Md. Code Ann., Lab. & Empl. §§ 3–415, 3420. "The requirements of the MWHL 'mirror' those of the FLSA and claims under both statutes therefore stand or fall together." Orellana v. Cienna Properties, LLC, No. JKB-11-2515, 2012 WL 203421, at *5 (D.Md. Jan. 23, 2012) (quoting Turner v. Human Genome Science, Inc., 292 F.Supp.2d 738, 744 (D.Md. 2003)). Additionally, the MWPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment. Castillo v. D & P Pro. Servs., Inc., No. DKC-14-1992, 2015 WL 4068531, at *4 (D.Md. 2015) (quoting Peters v. Early Healthcare Giver, Inc., 97 A.3d 621, 624–25 (2014)). Under the MPWS, contractors and subcontractors to a Maryland public works contract must pay each employee no less than the prevailing wage rate determined by the Commissioner. MPWS § 17-215.

With respect to all the above-named statutes, an employee bears "the burden of establishing the hours he claims to have worked." McLaughlin v. Murphy, 436 F.Supp.2d 732, 737 (D.Md. 2005). If the defendant-employer, however, does not produce time sheets, the employee may prove hours worked by "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Butler v. DirectSAT USA, LLC, 47 F.Supp.3d 300, 309 (D.Md. 2014) (citation modified). Thus, "[a] prima facie case can be made through an employee's testimony giving his recollection of hours worked." Hurd v. NDL, Inc., No. CCB-11-1944, 2012 WL 642425, at *4 (D.Md. Feb. 27, 2012) (quoting Donovan v. Kentwood Dev. Co., Inc., 549 F.Supp. 480, 485 (D.Md. 1982)).

Here, accepting the allegations as true, Marroquin was Aleman's employer within the meaning of the FLSA, MWHL, MWPCL, and MPWS. (Compl. ¶¶ 4, 20–46). Further, Aleman establishes through his uncontested allegations in the Complaint and his declaration that he was an employee at Marroquin, that he worked at least forty hours per week between June 2022 and April 2023, and that he was paid $20 or $21 per hour or not paid at all, despite how many hours he worked overtime. (Aleman Decl. ["Decl."] ¶¶ 1–11, ECF No. 26-1; Compl. ¶¶ 11–16). Specifically, Aleman asserts that he worked 13 weeks of overtime at various points between June 13, 2022 to April 9, 2023, at which he was not compensated at the mandated overtime rate which

---

[3] Marroquin was served with the Complaint but has not responded. Accordingly, all of Aleman's allegations as to liability are deemed admitted. Castillo v. D & P Pro. Servs., Inc., No. DKC 14-1992, 2015 WL 4068531, at *3 (D.Md. July 2, 2015).

was $46.38. (Decl. ¶ 7). Aleman further asserts that, in addition to working 11 weeks of overtime hours for which he was not compensated at the mandated overtime rate, he also worked several pay periods without any compensation at all, including, for example, from June 13, 2022 through June 25, 2022. (Payroll Spreadsheet at 1, ECF No. 26-2). The Court finds these uncontested allegations sufficient and credible for the purpose of establishing liability. See Turner, 292 F.Supp.2d at 748 (stating that a plaintiff's testimony on unpaid wages is sufficient to make a prima facie showing of unpaid wages); Albanez v. Breeding Constr., Inc., No. DKC-14-1813, 2016 WL 894617, at *2 (D.Md. Mar. 9, 2016) (finding plaintiff has established that defendants are liable to plaintiff under the FLSA, the MWHL, and the MWPCL.); Villanueva v. D&JJ, Inc., No. PWG-20-556, 2022 WL 4316655, at *4 (D.Md. Sept. 19, 2022) (same). Aleman has established that Marroquin is liable under the FLSA, MWHL, MWPCL, and MPWS.

### 2. Damages

The Court next turns to damages. Aleman alleges that he is entitled to (1) unpaid wages in the amount of $6,000.08; (2) FLSA liquidated damages in the amount of $6,000.08; and (3) MWPCL Treble Damages in the amount of $6,000.08, for a total award of $18,000.24. (Mot. at 2). The Court will address each in turn.

### A. Unpaid Overtime Wages

To calculate damages for unpaid overtime, the Court multiplies the number of undercompensated overtime hours by one-half of the employee's regular hourly rate—the difference between the overtime premium (1.5 times the regular rate) and the straight-time rate already paid. See 29 U.S.C. § 207; Md. Code Ann., Lab. & Empl. § 3–427. Here, Aleman seeks to recover unpaid overtime wages in the amount of $6,000.08 for hours that he worked without receiving overtime wages. Aleman asserts that his overtime rate was $46.38 and that he worked on average for 45 hours instead of his usual 40 for about 13 weeks where he received either $21 per hour or no payment at all.[4] (Decl. ¶¶ 6–10).

To aid in the Court's inquiry, Aleman attached a damages chart that details each pay period, the number of hours he worked, his hourly rate, the amount he was paid, and the amount he was owed. (Damages Calculations Chart at 1–2, ECF No. 26-2). Using the Chart, coupled with the declaration and uncontested allegations in the Complaint, the Court finds that from June 13, 2022 to April 9, 2023, Aleman was entitled to $33,070.08 in wages, but was only paid $27,070.00, leaving a deficit of $6,000.08. See Adkins, 180 F. Supp.2d at 17 (noting that except where the amount of damages is certain, the court must make an independent determination of damages in reviewing a motion for default judgment and may rely on detailed affidavits or documentary evidence to determine the appropriate sum) (emphasis added); Albanez, 2016 WL 894617, at *2 ("[I]f the employer does not successfully rebut the employee's statement [regarding wages owed],

---

[4] The Court notes that although Aleman requests damages for unpaid overtime wages, he also alleges unpaid straight wages as well. (See Decl. ¶ 13). Aleman appears to primarily rely on his unpaid overtime wages in his calculations for damages, however, so the Court focuses its attention on Aleman's overtime wage claims as well.

4

'[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." (quoting Lopez v. Lawns 'R' Us, DKC-07-2979, 2008 WL 2227353, at *3 (D.Md. May 23, 2008))). The Court finds Aleman is entitled to $6,000.08 in total unpaid overtime wages.

### B. FLSA liquidated damages[5]

The Court is also satisfied that Aleman is entitled to recover liquidated damages under the FLSA. Under the FLSA, an employer who has violated the statute is liable to the employee "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Such liquidated damages may be withheld, notwithstanding an employer's violation of the FLSA, if the employer presents evidence that it acted in good faith and on reasonable grounds that its actions complied with the FLSA. Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997). Here, Marroquin has not presented any evidence in this case to show that he acted in good faith. See also Prasch v. Bottoms Up Gentlemen's Club, LLC, No. LKG-23-CV-00634, 2024 WL 2977885, at *10 (D.Md. June 13, 2024) (finding no evidence defendant acted in good faith). Accordingly, Aleman has shown that he is entitled to recover liquidated damages in the amount of $6,000.08.

### C. MWPCL Treble Damages

Aleman also seeks treble damages under the MWPCL. The MWPCL states that if "a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage." See Md. Code. Ann., Lab. & Empl. § 3-507.2(b). It is well established that a plaintiff is "entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both." Quiroz v. Wilhelm Com. Builders, Inc., WGC-10-2016, 2011 WL 5826677, at *3 (D.Md. Nov. 17, 2011)). Some courts have awarded both liquidated damages under the FLSA and treble damages under the MWPCL if a plaintiff provides evidence of consequential damages suffered because of the underpayments or failure to pay wages. See Clancy v. Skyline Grill, LLC, No. ELH-12-1598, 2012 WL 5409733, at *8 (D.Md. Nov. 5, 2012).

Here, Aleman alleges that Marroquin's failure to pay him his proper wages rendered him unable to pay for his rent, telephone bill, groceries, or support his wife and young daughter in Honduras who depend on him. (Decl. ¶ 22). Due to these unforeseen consequences, Aleman is entitled to recover treble damages in the amount of $6,000.08 under the MWPCL. Contrast Albanez, 2016 WL 894617, at *3 (declining to award damages under MWPCL because plaintiff put forth no evidence showing he suffered consequential damages). Accordingly, the Court finds Aleman entitled to damages totaling $18,000.24.

---

[5] The same analysis for FLSA liquidated damages applies to liquidated damages under the MWHL. See Guillen v. Armour Home Improvement, Inc., No. DLB-19-2317, 2023 WL 3819295, at *17 (D.Md. June 5, 2023) (applying the same standard to analyze liquidated damages under the FLSA and MWHL).

**Conclusion**

For the foregoing reasons, it is this 22nd day of July, 2025 hereby ORDERED, ADJUDGED, and DECREED that Aleman's Motion for Default Judgment (ECF No. 26) is GRANTED. Judgment is ENTERED in favor of Plaintiff Osmin Enamorado Aleman and against Defendant Amado V. Marroquin in the amount of $18,000.24, representing Aleman's unpaid wages, overtime premiums, and liquidated damages under the FLSA, MWHL, and the MWPCL. It is further ORDERED that said judgment shall ACCRUE interest at the legal rate from the date of entry. The Clerk is directed to PROVIDE a copy of this Order to Counsel of Record and to Marroquin at his address of record. It is further ORDERED that Aleman shall FILE a petition for attorney's fees and costs no later than 14 days from the date of this Order. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

/s/ George L. Russell
George L. Russell, III
Chief United States District Judge